**UNITED STATES of America, Plaintiff,**

v.

**Daryl R. JENSEN, Celia N. Jensen, and Barbara Jean Jensen Keister, Defendants.**

No. 90–C–151A.

United States District Court, D. Utah, C.D.

Jan. 2, 1992.

Kirk C. Lusty, U.S. Dept. of Justice, Washington, D.C., for plaintiff.

Aron Stanton, Salt Lake City, Utah, for defendants.

ORDER RE: FORECLOSURE SALE

ALDON J. ANDERSON, Senior District Judge.

The above-captioned matter came for trial before United States Senior District Judge Aldon J. Anderson on August 16, 1991. Kirk C. Lusty and George Harris, Department of Justice, for the United States and Aron D. Stanton for defendants Daryl R. Jensen, Celia N. Jensen, and Barbara Jean Jensen Keister. The court had previously entered a partial summary judgment order to reduce the government's tax assessments against defendant Daryl Jensen ("Jensen") to judgment. The only issues at trial, therefore, were the validity of certain conveyances by Jensen of his interest in his house and the government's unpaid tax lien that would attach to Jensen's interest in the house. On October 8, 1991, the court issued its Memorandum Opinion holding Jensen's transfers of his interest in the house to be fraudulent and thus invalid. On November 25, 1991, the government filed with the court a proposed Order of Foreclosure and Order of Sale that would allow the government to foreclose its lien and have Jensen's house sold. Having reviewed the relevant law and the file, the court issues its ruling regarding the proposed order of sale and foreclosure.

DISCUSSION

■ Before proceeding to consider the issues presented by the proposed order of sale, the court must briefly address a procedural issue regarding jurisdiction. On December 9, 1991, defendant Jensen filed a notice of appeal and thus divested this court of jurisdiction over the action. The court, however, finds that it has jurisdiction to rule on the proposed order of sale. First, the proposed order was placed before the court for ruling prior to the notice of appeal and so should be ruled on by this court. Second, the order of sale is merely an execution of the judgment reached by the court following the bench trial. Though the filing of a notice of appeal deprives the district court of jurisdiction over the matters appealed, the "district court retains ... the authority ... to aid in the execution of a judgment that has not been superseded." *Showtime/The Movie Channel, Inc. v. Covered Bridge Condominium Assoc.*, 895 F.2d 711, 713 (11th Cir.1990). *See In re Thorp*, 655 F.2d 997, 998 (9th Cir.1981). This court, therefore, retains jurisdiction to determine whether an order of sale should issue.

■ The government has requested that this court order the foreclosure of the government's lien on Jensen's house and order a sale of that house. Jensen and his wife hold the house as tenants in common. The government holds a valid tax lien against Jensen's interest in the house, an undivided one-half interest, pursuant to this court's prior partial summary judgment order and memorandum opinion. Pursuant to 26 U.S.C. § 7403(c):

> The court ... may decree a sale of ... property [that has been found to be subject to a valid tax lien] and a distribution of the proceeds of such sale according to the findings of the court in respect to the interests of the parties and of the United States.

In the current situation, the court must apply § 7403 in the context of a lien

against only the interest of one of two co-tenants in the subject property. A third party's rights are inextricably bound up in the exercise of the government's right to foreclose on the taxpayer's assets and will be affected by this court's decision. In such a situation, the Supreme Court has recognized that the court has some limited discretion under § 7403 in deciding how to proceed. *United States v. Rodgers*, 461 U.S. 677, 703–11, 103 S.Ct. 2132, 2148–51, 76 L.Ed.2d 236 (1983). *See also Tillery v. Parks*, 630 F.2d 775, 778 (10th Cir.1980) (district court has discretion whether to order foreclosure under § 7403); *United States v. Eaves*, 499 F.2d 869, 871 (10th Cir.1974) (district court has discretion in ordering foreclosure sale authorized by 26 U.S.C. § 7403).

In *Rodgers*, the Supreme Court outlined the obligations of a court in determining how to exercise its discretion. A court's exercise of discretion should "take into account both the Government's interest in prompt and certain collection of delinquent taxes and the possibility that innocent third parties will be unduly harmed by that effort." *Rodgers*, 461 U.S. at 709, 103 S.Ct. at 2150–51. The Court also discussed four factors or considerations for a court to review when determining how to exercise its discretion under § 7403. *Id.* at 710–11, 103 S.Ct. at 2151. The Court, however, specifically noted that it was not establishing a "mechanical checklist" for analysis but was merely identifying factors as illustrative of the types of concerns that should guide a court in exercising its discretion. *Id.* at 711, 103 S.Ct. at 2152. Ultimately the district court's decision should rest on "common sense" and the "special circumstances" of the individual case. *See id.* This court must undertake a "particularized equitable assessment of the case." *See id.* at 706, 712, 103 S.Ct. at 2149, 2152. The identified factors illustrate a balancing of the government's recognized interest in collecting delinquent taxes against the harm to the third party's interests and the reasonableness of protecting those interests. *See id.* at 710–11, 103 S.Ct. at 2151.

In the current context the court finds significant special circumstances to exist that warrant consideration by this court in determining how best to exercise the court's discretion to order a foreclosure sale under § 7403. Jensen holds an undivided one-half interest in a house as a co-tenant with his wife, Celia Jensen. The government does not appear to hold a lien against Celia Jensen's interest in the house. Celia Jensen, therefore, is an "innocent" third person whose rights will be substantially affected if this court orders a foreclosure and sale of the entire property as requested by the government. *See id.* at 709, 103 S.Ct. at 2150–51. This court must make an "individualized equitable balance" of the possibility that Celia Jensen "will be unduly harmed" against the government's "interest in prompt and certain collection of delinquent taxes." *See id.* at 709, 712, 103 S.Ct. at 2150–51, 2152.

Celia Jensen lives in the house subject to the government's lien. She will be losing the "roof over her head" if this court orders a foreclosure and sale of the full property. If the court orders a sale of the property, however, Celia Jensen will be entitled to a share of proceeds that represents her interest in the property. Despite this right, the court should not be "blind to the fact that in practical terms financial compensation may not always be a completely adequate substitute for a roof over one's head." *See id.* at 704, 103 S.Ct. at 2148.

Judging from Jensen's deposition testimony regarding the Jensens' assets and Celia Jensen's lack of a professional career, Celia Jensen could not replace the "roof over her head" from her own financial resources. Celia Jensen has lived in the home for more than 20 years.

Simply losing one's place of abode alone, despite its significant impact, does not necessarily justify the court in depriving the government of its interest in a prompt foreclosure sale of the property. The court's discretion to decline to order a sale of the whole property is limited and should be exercised sparingly. *Id.* at 711, 103 S.Ct. at 2152. The harm that may be done to the innocent third party, Celia Jensen, in this case, however, exceeds merely losing her

residence. Celia Jensen is in her golden years. *See* Partial Trans. at 14. Celia Jensen's health is fragile at best. At the November 1, 1991 hearing on defendant Jensen's request for reconsideration, defendant Jensen relied in part on Celia Jensen's poor health as a reason this court should reverse its earlier findings. Counsel for the government has never contested defendant Jensen's descriptions of his wife's health. Apparently, Celia Jensen suffers from advanced cancer that appears to require she be given almost constant care, and is in and out of the hospital as a result of her frail health.[1] Due to Celia Jensen's health and care requirements, the court must conclude that depriving her of the roof over her head would be a significant hardship to her. The court finds that a substantial likelihood, not a mere possibility, exists that an innocent third party, Celia Jensen, will be unduly harmed by a foreclosure sale of the entire property.

Having assessed the possibility of undue harm to third parties, the court must now equitably balance that possibility against the harm to the government's interest in prompt and certain collection of delinquent taxes. *Id.* at 709, 103 S.Ct. at 2150–51. The government's interest is well recognized and almost self-evident. The government has a strong interest in collecting over $11,000 in delinquent taxes together with in excess of $30,000 in accrued penalties and interest from defendant Jensen. Under the realities of the current real estate market, the government cannot practically sell just Jensen's undivided one-half interest in the house. If this court does not order a foreclosure sale of the whole house, the government likely will be effectively denied its interest in collecting the delinquent taxes at this time. But, how severe is the prejudice to the government in this case?

The Supreme Court has recognized that merely "forgoing an immediate sale of the entire property" might be considered a fairly minimal prejudice to the government depending on the length of the delay. *See id.* at 710 n. 41, 103 S.Ct. at 2151 n. 41. Based on the lay testimony given at trial, the delay of the sale of the entire property should not be extensive. The government will be able to seek a foreclosure sale on the full property once Celia Jensen's health improves or she no longer lives in the house. The unpleasant reality is that, given Celia Jensen's health, she is not likely to live in the house much longer. The court therefore finds that the delay will be relatively limited and thus the prejudice to the government is at the lower end of the government interest continuum.

Based on the foregoing, the court concludes that the possibility of undue harm to Celia Jensen substantially outweighs the prejudice to the government in delaying the requested sale of the entire property. *Cf. United States v. Thomassen*, 610 F.Supp. 386, 397–400 (Neb.D.1985) (applying Supreme Court balancing under 26 U.S.C. § 7403). The court, therefore, exercises its discretion under 26 U.S.C. § 7403(c) and declines to order a sale of the property at this time.[2]

IT IS SO ORDERED.

---

1. The court declined to exercise contempt powers against defendant Jensen for failing to attend his trial in part because he was required to care for Celia Jensen due to her severe condition.

2. This court wishes to emphasize that under the Supreme Court's analysis, no consideration is given to the behavior of the delinquent taxpayer. The court expressly notes that the court's intention is not to attempt to soften the blow of the consequences of defendant Jensen's actions on himself. The unfortunate practical result of protecting the innocent third party will likely be that defendant Jensen further delays paying the cost of his actions.