**UNITED STATES of America, Plaintiff,**

v.

**Harold L. POTTORF and Floyd W. Pottorf, as individuals; Harold L. Pottorf, Floyd W. Pottorf, Carolyn Pottorf and Estate of Margaret Pottorf, as stockholders of Pottorf Farms, Inc., and Pottorf Farms, Inc., Defendants.**

**No. 93–2102–JWL.**

United States District Court, D. Kansas.

Aug. 11, 1995.

Nora Foster Quitno, Office of United States Attorney, Kansas City, KS, Charles S. Kennedy, III, Jaye Rooney, U.S. Department of Justice, Office of Special Litigation–Tax Div., Washington, DC, for plaintiff.

Harold L. Pottorf, Highland, KS, pro se.

Floyd W. Pottorf, Highland, KS, pro se.

Carolyn (nmi) Pottorf, Highland, KS, pro se.

Margaret Pottorf, Highland, KS, pro se.

### *MEMORANDUM AND ORDER*

LUNGSTRUM, District Judge.

*I. Introduction*

This case was filed in 1993 to reduce to judgment certain outstanding federal tax as-

sessments against defendants Harold and Floyd Pottorf, to foreclose federal tax liens on certain parcels of real property owned by those defendants, for court ordered sales of the real property, and for deficiency judgments against the defendants. The United States and the defendants have a lengthy history of litigation in this case and others, which is detailed below. The matter is currently before the court on the United States' third motion for partial summary judgment (Doc. # 131); the United States' motion to extend the dispositive motion deadline and for additional pretrial proceedings (Doc. # 133); and the United States' motion to strike defendants' document entitled "Refusal to Accept for Cause Without Dishonor" (Doc. # 135). For the reasons set forth below, the United States' third motion for partial summary judgment is granted, the United States' motion to strike is granted, and the United States' motion to extend the dispositive motion deadline is denied as moot.

## II. Factual Background

The current action is only the latest round in an ongoing saga of disputes and litigation between the IRS and the defendants that has continued for over a decade. In order to understand the present posture of the parties, it is necessary to review the history which has led these litigants to their current posture.

On April 11, 1985, the IRS made tax assessments against Harold Pottorf, Floyd Pottorf, and Pottorf Farms, Inc. The assessments covered the years 1980 through 1982 and, including penalties, were in excess of $480,000.00 against Harold Pottorf, $25,000.00 against Floyd Pottorf, and $400,000.00 against Pottorf Farms, Inc. On the dates of the assessments set forth above, federal tax liens arose and attached to all property and rights to property belonging to the defendants. Notices of the federal tax liens were filed with the respective Register of Deeds in Doniphan County, Kansas, and Brown County, Kansas, and with the Kansas Secretary of State.

The tax assessments set forth above arose out of farming operations conducted by defendants Harold Pottorf and Floyd Pottorf in

Kansas. Most of the farm land used in the farming operations was historically titled to Floyd Pottorf and his wife Margaret. In 1975, the corporation Pottorf Farms, Inc. was formed. Shareholders of the corporation included Floyd, Margaret, Harold and Carolyn Pottorf. Thereafter, farming operations were conducted through the corporation. In 1978, some of the land owned by Floyd and Margaret Pottorf was conveyed to the corporation. The corporation ceased filing tax returns after the tax period ending September 30, 1978. In 1979, the IRS began an audit of some of the corporate returns. In 1980, the corporation forfeited its articles of incorporation for failure to pay state franchise taxes. No receiver or trustee was appointed to wind up the corporate affairs, and some of the farm land is still titled to the corporation.

On December 3, 1987, the State of Kansas filed a condemnation petition in the state district court for Doniphan County to acquire easements on some real property owned by Pottorf Farms. The condemnation proceeds of approximately $172,260.00 were deposited with the clerk of the state court. Pursuant to a notice of levy in the amount of $683,240.88 which the IRS served upon the clerk of the court on March 9, 1988, the state court, after a hearing, awarded the levied funds to the IRS.

In October of 1988, defendants Floyd Pottorf and Carolyn Pottorf brought wrongful levy actions in this Court. In the consolidated cases, the Honorable Richard D. Rogers of this Court held that Pottorf Farms held title to the real property that was the subject of the condemnation proceeding, and that the levy on the condemnation proceeds was proper. This ruling was affirmed by the court of appeals for the Tenth Circuit. The levied funds, which totalled $176,509.92, were applied to the tax liabilities of Pottorf Farms.

This case was filed in 1993 to reduce to judgment outstanding federal tax assessments against defendants Harold Pottorf for the years 1980–82 and Floyd Pottorf for the years 1980 and 1981, to foreclose federal tax liens on certain parcels of real property owned by those defendants, for court ordered sales of the real property, and for deficiency

judgments against the defendants. Defendants Carolyn Pottorf and the Estate of Margaret Pottorf were named as parties to the extent that they might claim an interest in the real property to be foreclosed and sold. A final pretrial conference was held before United States Magistrate Judge Gerald L. Rushfelt on April 6, 1994 and the Pretrial Order was filed on April 22, 1994, narrowing the issues for ultimate disposition.

On May 31, 1994, the case proceeded to a jury trial in which the United States sought to reduce to judgment the 1980–82 income tax assessments against Harold Pottorf and the 1980–81 income tax assessments against Floyd Pottorf, including civil fraud penalties. At the close of the evidence, the court granted the United States' motion for judgment as a matter of law with respect to the income taxes assessed Harold Pottorf for two of the three years in issue, 1981 and 1982, and with respect to Floyd Pottorf for both years in issue, 1980 and 1981. The jury returned a verdict on June 3, 1994 in favor of the United States with respect to the 1980 income taxes assessed against Harold Pottorf, and in favor of both defendants on the civil fraud penalties for all years in issue. Accordingly, on June 20, 1994, judgment was entered in favor of the United States and against Harold L. Pottorf in the total amount of $155,813.00 plus accrued and accruing interest, and on June 29, 1994, judgment was entered in favor of the United States and against Floyd Pottorf in the total amount of $10,797.00 plus accrued and accruing interest.

Having reduced its income tax assessments against defendants Harold and Floyd Pottorf to judgment, the United States proceeded to seek, pursuant to 26 U.S.C. § 7403(c), foreclosure on certain parcels of real property in which the defendants owned an interest in order to satisfy the judgments. These parcels of real property included one parcel titled in the name of Harold Pottorf[1], one parcel titled in the name of Floyd Pottorf[2], and four parcels titled in the name of Pottorf Farms, Inc.[3]

On October 11, 1994, the United States filed what was styled as its second motion for partial summary judgment. In that motion, the United States sought foreclosure on the parcels of property owned by Harold Pottorf, Floyd Pottorf and Pottorf Farms, Inc. Defendants timely filed a response to the United States' motion. By order dated March 2, 1995, this court granted in part and denied in part the United States' motion. The motion was granted as to the property owned by Floyd Pottorf. However, the motion was denied as to the property owned by Harold Pottorf due to the failure by the United States to present evidence regarding the homestead interest owned in the property by Harold Pottorf's wife, Carolyn. The motion was also denied as to the property owned by Pottorf Farms, Inc. due to the failure of the United States to name the corporation as a defendant and its failure to include the issue of piercing the corporate veil in the pre-trial order.

Following this court's ruling on its second motion for partial summary judgment, the United States filed a motion to amend its complaint on March 29, 1995. In its motion,

1. The parcel of property titled to Harold Pottorf is located in Doniphan County, Kansas, with the following legal description:

The Northwest fractional Quarter of Section 31, Township 2 South, Range 20 East, containing 140 acres, more or less.

2. The property titled to Floyd Pottorf is located in Doniphan County, Kansas, with the following legal description:

The Northeast Quarter of Section 36, Township 2 South, Range 19, East of the 6th P.M.

3. The parcels titled to Pottorf Farms, Inc. have the following legal descriptions:

The North One Hundred Twenty (120) acres of the Northwest Quarter (NW ¼) of Section Twenty–Two (22), Township Two (2) South, Range Eighteen (18) East of the 6th Prime Meridian, in Brown County, State of Kansas. The East One–Half (E ½) of the Northwest Quarter (NW ¼) of Section Thirty–Five (35), Township Two (2) South, Range Nineteen (19) East, in Doniphan County, Kansas. The North Half (N ½) of the Northwest Quarter (NW ¼) of Section Thirty–Six (36), Township Two (2) South, Range Nineteen (19) East of the 6th Prime Meridian, except ½ acre in the Northeast corner thereof, 80 acres, more or less, in Doniphan County, Kansas. The Northeast Quarter (NE ¼) of Section Thirty–Five (35), Township Two (2) South, Range Nineteen (19) East of the 6th Prime Meridian, 160 acres, more or less, in Doniphan County, Kansas.

the United States sought to file an amended complaint to add Pottorf Farms, Inc. as a defendant, to add a legal theory that the corporate veil of Pottorf Farms, Inc. should be pierced, and to add an alternative theory that "the real property titled to Pottorf Farms, Inc. has now passed by operation of law to its shareholders." By order dated May 17, 1995, Magistrate Judge Rushfelt of this court granted the United States' motion to amend its complaint.

On June 29, 1995, the United States filed its third motion for partial summary judgment, which is now at issue. In its motion, the United States seeks an order granting it summary judgment with respect to its request for foreclosure of the federal tax liens against the real property of Harold Pottorf, and for a judicial sale of the real property. Defendants have failed to respond to the United States' motion as required by D.Kan. Rule 206(b). Instead, defendants filed a document entitled "Refusal to Accept for Cause Without Dishonor," which the court will address below.

## III. Discussion

In its third motion for partial summary judgment, the United States sets forth as undisputed facts that this court entered judgment in favor of the United States against Harold Pottorf in the amount of $155,813.00 on June 20, 1994, that Harold Pottorf owns and holds title to the parcel of real property located in Doniphan County, Kansas, and that Harold Pottorf and Carolyn Pottorf both have homestead interests in the parcel of property under Kansas law. The United States further presents actuarial computations valuing Carolyn Pottorf's interest in the real property at 46.111 percent and Harold Pottorf's interest at 53.889 percent.

■ In the body of its motion, the United States argues that it is entitled to an order allowing it to proceed to foreclose upon the subject property titled to defendant Harold Pottorf so long as Carolyn Pottorf, a nonliable spouse, is compensated for her homestead interest. The United States cites *United States v. Rodgers,* 461 U.S. 677, 103 S.Ct. 2132, 76 L.Ed.2d 236 (1983) for the proposition that the homestead interest of a non-liable spouse does not prevent the United States from foreclosing upon and selling homestead property. In *Rodgers,* the Supreme Court held that a district court is authorized, under Section 7403 of the Internal Revenue Code, to sell not only a delinquent taxpayer's interest in property, but also any third party's interest in that same property as long as the third party's interest is compensated through judicial valuation and distribution. The Court specifically found that a state homestead interest will not prevent the United States from forcing a sale of homestead property. *Id.* at 701, 103 S.Ct. at 2146–47.

■ In its motion, the United States next addresses the *Rodgers* court's finding that Section 7403 affords a district court limited discretion to refuse a forced sale. The four factors listed by the court to be used as guidelines in the district court's decision whether to exercise such discretion are: (1) the extent to which the Government's financial interests would be prejudiced if it were limited to a forced sale of the partial interest of the party actually liable for the delinquent taxes; (2) whether the third party with the nonliable separate interest would, in the normal course of events, have a legally recognized expectation that the separate property would not be subject to a forced sale by the delinquent taxpayer or his creditors; (3) the likely prejudice to the third party; and (4) the relative character and value of the liable and nonliable interest in the property. *Id.* at 710–11, 103 S.Ct. at 2151–52. The court noted that "the limited discretion accorded by § 7403 should be exercised rigorously and sparingly, keeping in mind the Government's paramount interest in prompt and certain collection of delinquent taxes." *Id.* at 711, 103 S.Ct. at 2151–52.

The United States contends in its motion, and this court agrees, that application of the factors set forth in *Rodgers* leads to a conclusion that a sale of the entire parcel is warranted. As to the first factor, the government's financial interest would be severely prejudiced if it were relegated to a forced sale of only Harold Pottorf's interest. The subject real property is a working farm, consisting of a residence and several outbuild-

ings which are used to raise hogs and support crop production. Without a forced sale of the entire farm, it is doubtful a buyer could be found who would pay fair market value for Harold Pottorf's interest alone.

As to the second factor, the Kansas homestead provision is very broad in its protection of the homestead against forced sale. However, the Texas homestead law analyzed in *Rodgers* is similarly broad, and the court did hold that the homestead interest of a nonliable spouse could be adequately discharged by the payment of compensation to the nonliable spouse. *Id.* at 701–02, 103 S.Ct. at 2146–47. Moreover, consideration of the other factors results in a balance of equities in favor of the government.

The third factor deals with the likely prejudice to the third party, in terms of personal dislocation costs and practical undercompensation. The court does not believe Carolyn Pottorf will be unduly prejudiced by a forced sale in either respect. She is not elderly or infirm, which are the reasons cited in the rare case where a district court has exercised its discretion to refuse to authorize a forced sale on the personal dislocation factor. *See United States v. Jensen,* 785 F.Supp. 922, 924–25 (D.Utah 1992) (taxpayer's spouse was "in her golden years" and suffered from advanced cancer). Further, there is no indication that Carolyn Pottorf would be undercompensated from the sale proceeds for her homestead interest in the subject real property.

The fourth factor listed in *Rodgers* is "the relative character and value of the nonliable and liable interests held in the property." *Id.* 461 U.S. at 711, 103 S.Ct. at 2152. It is apparent that the *Rodgers* court was concerned about a situation in which a third party's interest in real property was considerably greater than that of the delinquent taxpayer. *Id.* 461 U.S. at 711, 103 S.Ct. at 2152 ("if ... the third party not only has a possessory interest or fee interest, but that interest is worth 99% of the value of the property, then there might will be virtually no reason to allow the sale to proceed."). Based on the appropriate actuarial tables, Carolyn Pottorf's interest in the subject property is 46.111 percent, which is less than

Harold Pottorf's 53.889 percent interest. Because the disparity in interest is minor, and Carolyn Pottorf in fact has a smaller interest in the subject property than does Harold Pottorf, this factor does not warrant a refusal to authorize a sale of the entire property, and in fact weighs in favor of a sale of the entire property.

■ The defendants have failed to respond directly to the United States' third motion for partial summary judgment. Instead, on June 30, 1995, they filed a document entitled "Refusal to Accept for Cause Without Dishonor" ("Refusal to Accept"). This Refusal to Accept filed by defendants is the subject of the United States' motion to strike.

The court has carefully reviewed the Refusal to Accept filed by the defendants. The nature of the document is not self-evident. It is not a response to plaintiff's third motion for partial summary judgment, nor could it be termed an answer to the first amended complaint or a motion to dismiss. It contains largely frivolous and irrelevant allegations, primarily challenging the authority of the United States to bring this action and the validity of the tax liens and assessments. In the document, the defendants state that they "refuse to accept" not only the first amended complaint, but also the judgments entered against Harold and Floyd Pottorf dated June 20, 1994 and June 29, 1994 and "[a]ny and all writings of any description, any and all meetings of any description and any and all alleged decisions (implied or actual) associated with proceedings # 93–2102." The remainder of the document contains seven sections entitled "causes," which among other things challenge the jurisdiction of this court and the authority of the United States to bring this action on a variety of grounds including the fact that the United States cited only statutes and not regulations in bringing the action, the contention that the government's ability to tax relates only to alcohol, tobacco and firearm activities, the fact that no fiduciary relationship exists between defendants and the government that provides the basis for any violation of law and, finally, that "a prohibited condition of peonage would be in evidence by any act that goes to compelling us to serve the people of the U.S. of America

against our will by the enforcement of the Judgments against Harold L. Pottorf filed June 20, 1994 and against Floyd W. Pottorf filed June 29, 1994."

Federal Rule of Civil Procedure 12(f) authorizes the court to strike any pleading or portion thereof containing "any insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Upon a review of defendants' Refusal to Accept, the court finds that to the extent it states any defenses, those defenses are insufficient as a matter of law. The court further finds that the remaining material in the document is immaterial and legally frivolous. Accordingly, the United States' motion to strike will be granted.

■ D.Kan.Rule 206(b) provides, in pertinent part: "A party shall have twenty days to respond to a motion to dismiss or for summary judgment." That period of time has elapsed as to plaintiff's third motion for partial summary judgment. Local Rule 206 goes on to provide, in subsection (g): "If a respondent fails to file a response within the time required by this rule, the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice."

Because defendants have failed to respond to the United States' third motion for partial summary judgment, other than to file their legally frivolous Refusal to Accept, the court shall treat the motion as uncontested.[4] For that reason alone, the court would be inclined to grant plaintiff's motion. In any case the court, in granting a motion as uncontested, feels obligated to review the relief requested, and the basis for it, to determine whether or not it at least appears on its face to be warranted. As discussed above, the court has carefully reviewed the motion here and the arguments and authorities relied upon by the United States in support of its motion. The court believes that, on its face, the motion does appear to be meritorious. There-

fore, both because the defendants have failed to oppose the summary judgment motion and, under Local Rule 206(g), the motion is deemed to be uncontested, and because the motion is facially meritorious, the court grants plaintiff's third motion for partial summary judgment.

■ The other motion currently at issue before the court is the United States' motion to extend the dispositive motion deadline and for additional pretrial proceedings (Doc. # 133). In the motion, the government seeks additional time to conduct discovery on issues relating to Pottorf Farms, Inc. However, because Pottorf Farms, Inc. failed to answer the first amended complaint, an entry of default was made against the corporation on July 18, 1995. A motion for default judgment against the corporation, which is not yet at issue, is currently pending before the court. Because an entry of default has been made against the corporation, the court finds that the United States' motion to extend the dispositive motion deadline is moot and therefore it is denied.

## IV. Conclusion

IT IS, THEREFORE, BY THE COURT ORDERED THAT the United States' third motion for partial summary judgment (Doc. # 131) is granted.

IT IS FURTHER ORDERED THAT the United States' motion to strike (Doc. # 135) is granted.

IT IS FURTHER ORDERED THAT the United States' motion to extend the dispositive motion deadline (Doc. # 133) is denied as moot.

IT IS SO ORDERED.

---

4. As detailed above, the defendants are veterans of long and protracted litigation with the government. It has been this court's observation that the defendants are cognizant of the rules of procedure, and the defendants have consistently filed motions and responses within applicable time periods throughout this litigation. The court therefore does not believe that the defendants' current failure to respond to the United States' summary judgment motion was the result of inadvertence or ignorance of the procedural rules, but rather was a calculated decision made by the defendants.