UNITED STATES of America, Plaintiff,

v.

Ray H. JOHNSON, a/k/a Raymond H. Johnson and Charlotte L. Johnson, Defendants.

Civil Action No. 95–2535–GTV.

United States District Court, D. Kansas.

Oct. 25, 1996.

Jaye Rooney, U.S. Department of Justice, Office of Special Litigation–Tax Div., Washington, DC, for plaintiff.

Clifford R. Roth, Olathe, KS, for defendants.

## MEMORANDUM AND ORDER

VAN BEBBER, Chief Judge.

This matter is before the court on plaintiff's motion (Doc. 14) for summary judgment pursuant to Fed.R.Civ.P. 56. Defendants have responded and oppose the motion. For the reasons set forth below, plaintiff's motion is denied.

This is a foreclosure action in which the United States is engaging in the collection of a judgment for unpaid employment tax assessments it obtained against defendant Ray H. Johnson in another proceeding. The United States now seeks the foreclosure of Ray Johnson's undivided one-half interest in real estate. The other co-tenant is his spouse, defendant Charlotte Johnson. The judgment which is the basis of the forced sale is only against Ray Johnson.

### I. LEGAL STANDARDS FOR SUMMARY JUDGMENT

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The court must examine the factual record and reasonable inferences therefrom in a light most favorable to the party opposing summary judgment. *Applied Genetics Int'l Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir.1990).

The moving party has the initial burden of showing "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986). Once the moving party meets this burden, the burden shifts to the non-moving party to identify specific facts that show the existence of a genuine issue of material fact. *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir.1991). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986).

## II. UNCONTROVERTED FACTS

The following facts are uncontroverted:

During the time period relevant to this action, Ray Johnson owned an automobile body shop. The Internal Revenue Service assessed Ray Johnson for unpaid employment taxes associated with his business that accrued during 1988, 1989, and 1990. In conjunction with those tax assessments, the Internal Revenue Service filed Notices of Federal Tax Liens with the Register of Deeds in Johnson County, Kansas.

The United States filed suit to reduce the tax assessments to judgment on July 23, 1993. On March 30, 1994, the United States obtained a judgment against Ray Johnson in the amount of $84,000.00, plus interest.

In 1958, Ray Johnson and Charlotte Johnson purchased the residence located at 2902 West 51st Terrace, Westwood, Johnson County, Kansas, which is the subject matter of this action. Defendants currently live at that residence.

Charlotte Johnson is sixty-eight years old, and is in good health. Her husband, Ray Johnson, is sixty-nine years old. Pursuant to actuarial computations, Charlotte Johnson's ownership interest in her residence is 51.191 percent, and Ray Johnson's ownership interest in the residence is 48.809 percent.

## III. DISCUSSION

In its motion for summary judgment, the United States seeks foreclosure of the federal tax liens on Ray Johnson's residence, the court's order for the sale of defendants' residence, and distribution to the United States of Ray Johnson's share of the proceeds from the forced sale to satisfy the outstanding judgment against him.

The United States proceeds in this action pursuant to section 7403 of the Internal Revenue Code. Section 7403 provides:

> The court shall ... proceed to adjudicate all matters involved therein and finally determine the merits of all claims to and liens upon the property, and, in all cases

> where a claim or interest of the United States therein is established, may decree a sale of such property, by the proper officer of the court, and a distribution of the proceeds of such sale according to the findings of the court in respect to the interests of the parties and of the United States.

26 U.S.C. § 7403.

As previously noted, Charlotte Johnson is a nonliable spouse for the taxes her husband, Ray Johnson, owes. Additionally, Ray Johnson does not possess the sole interest in the subject real property; Charlotte Johnson has an undivided one-half interest as a joint tenant in that property. Under Kansas law, the joint interest of a husband and wife in a homestead residence may not be alienated by a forced sale unless both have consented. K.S.A. § 60–2301.

However, in *United States v. Rodgers,* 461 U.S. 677, 103 S.Ct. 2132, 76 L.Ed.2d 236 (1983), the United States Supreme Court determined that a state homestead interest will not prevent a district court from forcing the sale of homestead property under section 7403. *Id.* at 701, 103 S.Ct. at 2146–47. The *Rodgers* Court held that a district court may order the sale of both the delinquent taxpayer's interest and a third-party's interest in jointly held homestead property if the third-party's interest in the foreclosed property is compensated through judicial valuation and distribution. *Id.* (homestead rights created under state law "are adequately discharged by the payment of compensation").

Although defendants in the case at bar concede that section 7403 allows the court to order a forced sale of homestead property, they argue that section 7403 accords the court "reasoned discretion" to refuse to order such a sale under certain circumstances. *Id.* at 706, 103 S.Ct. at 2149. Under *Rodgers,* the "limited discretion accorded by § 7403 should be exercised rigorously and sparingly." *Id.* at 711, 103 S.Ct. at 2152. Specifically, a court may exercise its limited discretion only after weighing "the Government's paramount interest in prompt and certain collection of delinquent taxes" against the harm to Charlotte Johnson's homestead interest. *Id.*

To balance the competing policy interests, the *Rodgers* Court outlined four factors to guide a district court in deciding whether to exercise its discretion under section 7403. Judge Lungstrum synthesized the four *Rodgers* factors in *United States v. Pottorf*, 898 F.Supp. 792 (D.Kan.1995). Those factors are:

> (1) the extent to which the Government's financial interests would be prejudiced if it were limited to a forced sale of the partial interest of the party actually liable for the delinquent taxes; (2) whether the third party with the nonliable separate interest would, in the normal course of events, have a legally recognized expectation that the separate property would not be subject to a forced sale by the delinquent taxpayer or his creditors; (3) the likely prejudice to the third party; and (4) the relative character and value of the liable and nonliable interest in the property.

*Id.* at 796 (citing *Rodgers*, 461 U.S. at 710–11, 103 S.Ct. at 2151–52). This list of factors is nonexclusive, and no one factor determines the outcome. *See Rodgers*, 461 U.S. at 711, 103 S.Ct. at 2152 (factors do not constitute " 'mechanical checklist' to the exclusion of common sense and consideration of special circumstances").

Defendants argue that application of the *Rodgers'* factors to the case at bar precludes summary judgment. The court agrees.

Under the first factor, the United States argues that its financial interest would be prejudiced if it could sell only Ray Johnson's interest in the real property. The court notes that it would be virtually impossible for the United States to sell only Ray Johnson's interest. The Supreme Court recognized in *Rodgers* that "[i]t requires no citation to point out that interests in property, when sold separately, may be worth either significantly more, or significantly less, than the sum of their parts." 461 U.S. at 694, 103 S.Ct. at 2142. It is doubtful that the United States would be able to find a buyer who would pay fair market value for only Ray Johnson's interest in the real property. The court concludes that this factor weighs in favor of the United States.

Defendants argue that under the second *Rodgers* factor the Kansas homestead provisions provide Charlotte Johnson with a legally recognized expectation that her homestead interest would not be subject to a forced sale by the delinquent taxpayer or his creditors. The court agrees with defendants' argument, but this factor is not dispositive standing alone.

█ Under the third factor, the court must analyze whether a third-party will suffer undue prejudice from a forced sale of the homestead property. In making this determination, the third-party's personal dislocation costs and the possibility that he or she will be undercompensated are illustrative of undue prejudice. *See Rodgers*, 461 U.S. at 711, 103 S.Ct. at 2152.

The United States contends that Charlotte Johnson will not suffer prejudice from the sale of her homestead residence because her share of the proceeds from the sale represents her homestead interest in the subject real estate. As a practical matter, however, this compensation may be inadequate to relieve the prejudice that Ms. Johnson will suffer. The court notes that if it grants the United States' request for a forced sale of Charlotte Johnson's homestead interest, she will be without a roof over her head. As the *Rodgers* Court observed, "financial compensation may not always be a completely adequate substitute for a roof over one's head." 461 U.S. at 704, 103 S.Ct. at 2148.

The United States argues that the personal dislocation costs that Charlotte Johnson will suffer from the forced sale of her homestead residence are no different than the normal costs associated with a move from one residence to another. Defendants advance *United States v. Jensen*, 785 F.Supp. 922 (D.Utah 1992), to support their contention that Charlotte Johnson's personal dislocation costs would result in undue prejudice.

In *Jensen*, the nonliable spouse was in her "golden years," was in poor health, had lived in her homestead residence for more than twenty years, lacked a professional career, and had insufficient assets to purchase another home. 785 F.Supp. at 924–25. The *Jensen* court found that the nonliable spouse did not have the financial resources to re-

place the roof over her head and that she would be "unduly harmed by a foreclosure sale of the entire property." *Id.* at 925.

The United States responds that *Jensen* is inapposite because Charlotte Johnson is not in her "golden years" and she is in good health. The uncontroverted facts establish that although Charlotte Johnson may be in good health, she is sixty-eight years old. Moreover, Mrs. Johnson has lived in her homestead residence for thirty-eight years and she lives on a fixed income. Additionally, Mrs. Johnson has a limited educational background. Viewing these facts in a light most favorable to the nonmoving party, it is unlikely that Charlotte Johnson's share of the proceeds from the forced sale of her homestead residence would be an adequate substitute for the roof over her head.

The United States also argues that forced sale will not cause Charlotte Johnson to be undercompensated. Pursuant to actuarial computations, the United States has valued Ms. Johnson's homestead interest at 51.191 percent. *See Harris v. United States,* 764 F.2d 1126, 1130 (5th Cir.1985) (use of actuarial tables are acceptable method for computing value of homestead interest). Because Mrs. Johnson will receive the entire value of her homestead interest from the forced sale, the United States asserts that she will not be undercompensated.

The government's argument addresses only one facet of the undercompensation analysis set forth in *Rodgers.* The *Rodgers* Court also determined that undercompensation for the nonliable spouse might result because "the value of a homestead interest, calculated as some fraction of the total value of a home, would be less than the price demanded by the market for a lifetime's interest in an equivalent home." *Rodgers,* 461 U.S. at 704, 103 S.Ct. at 2148.

In its current motion, the United States does not address whether the forced sale of Charlotte Johnson's homestead residence will result in practical undercompensation. The United States offers no evidence regarding the appraised value or the projected selling price of the subject real estate. Moreover, the United States proffers no evidence concerning the cost of a life estate in a residence comparable to the subject real estate. Nei-

ther does the United States establish that Charlotte Johnson's share of the proceeds from the forced sale will be sufficient for her to purchase a life estate in an equivalent home. Consequently, a genuine issue of material fact exists whether Charlotte Johnson's homestead interest in the subject real estate will be undercompensated

Finally, under the fourth *Rodgers* factor, the court considers the relative value of the homestead interests in the subject real property between the nonliable spouse and the liable spouse. The Supreme Court has recognized that "if ... the third party not only has a possessory interest or fee interest, but that interest is worth 99% of the value of the property, then there might well be virtually no reason to allow the sale to proceed." *Rodgers,* 461 U.S. at 711, 103 S.Ct. at 2152. Based on the appropriate actuarial tables, Charlotte Johnson's homestead interest in the subject real property is 51.191 percent, and Ray Johnson's interest is 48.809 percent. The disparity in interest is minor, and that the disparity does not warrant a refusal to authorize the sale of the entire property. *See Pottorf,* 898 F.Supp. at 797 (court found disparity between liable spouse's 53.889 percent interest and nonliable spouse's 46.111 percent interest to be minor).

Based on its application of the *Rodgers* factors, the court concludes that summary judgment in this case is inappropriate. The record before the court does not satisfy it that Charlotte Johnson can purchase a residence equivalent in value to her existing homestead residence. Thus, a genuine issue of material fact remains whether the prejudice Charlotte Johnson will suffer from the forced sale of her homestead residence will outweigh the prejudice to the government in delaying the sale.

IT IS, THEREFORE, BY THE COURT ORDERED that the United States' motion (Doc. 14) for summary judgment is denied.

Copies of this order shall be mailed to counsel of record for the parties.

**IT IS SO ORDERED.**