UNITED STATES of America,
Plaintiff,

v.

Ralph L. BURTSFIELD, Peggy Burts-field, Alan Morrison Hay, as Trustee of the Health Alternative Trust, and J. Prescott Warren, as Trustor of the Eastmont Trust, Defendants.

No. CV 06–198–M–DWN.

United States District Court,
D. Montana,
Missoula Division.

April 15, 2008.

Kari Dawn Larson, U.S. Department of Justice–Tax Division, Ben Franklin Station, Washington, DC, Victoria L. Francis, Office of the U.S. Attorney, Billings, MT, for Plaintiff.

James M. Ramlow, Kaufman, Vidal & Hileman, PC, Kalispell, MT, for Defendants.

## ORDER

DONALD W. MOLLOY, District Judge.

### I. Introduction

United States Magistrate Judge Jeremiah C. Lynch entered Findings and Recommendation in this matter on March 11, 2008. Judge Lynch recommended granting the United States' motion for summary judgment and denying the Burtsfields' motion for summary judgment. The Burtsfields timely objected on March 21, 2008. The Burtsfields therefore are entitled to a *de novo* determination of those portions of the Findings and Recommendation to which objection is made. 28 U.S.C. § 636(b)(1). The portions of the Findings and Recommendation not specifically objected to will be reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.,* 656 F.2d 1309, 1313 (9th Cir.1981). Because I agree with Judge Lynch's analysis and conclusions, I adopt his Findings and Recommendation in full. The parties are familiar with the factual background of this case, so it will not be restated here.

### II. Analysis

The Burtsfields argue Judge Lynch erred by computing Mrs. Burtsfield's homestead estate share as a fraction of the sale proceeds instead of as a fraction of the appraised value of the residence. Neither party cites a case directly addressing whether an innocent third-party is entitled to a percentage of the appraised value of the property or the sale proceeds. The language of 26 U.S.C. § 7403, however, strongly suggests innocent third-parties are entitled to a fraction of the sale pro-

ceeds. *See* 26 U.S.C. § 7403(c) ("The court shall ... finally determine the merits of all claims to and liens upon the property, and, in all cases where a claim or interest of the United States therein is established, may decree a sale of such property, by the proper officer of the court, and a distribution of the proceeds of such sale according to the findings of the court in respect to the interests of the parties and of the United States."). Additionally, in an example cited in *United States v. Rodgers,* 461 U.S. 677, 698–99, 103 S.Ct. 2132, 76 L.Ed.2d 236 (1983), the Supreme Court calculated the homestead estate as a percentage of the proceeds of the sale of the home. Based on this authority, Judge Lynch correctly computed Mrs. Burtsfield's homestead estate share as a fraction of the sale proceeds.

The Burtsfields also contend Judge Lynch erred by calculating Mrs. Burtsfields share only after subtracting the costs of the sale from the sale proceeds. This argument is foreclosed by language in 28 U.S.C. § 1921(c)(1), which suggests the U.S. Marshals expenses for a sale are to be paid first. *See* 28 U.S.C. § 1921(c)(1) ("The United States Marshals Service shall collect a commission of 3 percent of the first $1,000 collected and 1½ percent on the excess of any sum over $1,000, for seizing or levying on property (including seizures in admiralty), [and] disposing of such property by sale.").

### III. Conclusion

Accordingly, IT IS HEREBY ORDERED that Judge Lynch's Findings and Recommendation are adopted in full. The United States' Motion for Summary Judgment (dkt # 42) is GRANTED. The Burtsfields' Motion for Summary Judgment (dkt # 38) is DENIED.

1. This was the amount due as of September 30, 2007. Mr. Burtsfield is also responsible for statutory interest and other statutory additions as provided for by 26 U.S.C. §§ 6601

### FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE

JEREMIAH C. LYNCH, United States Magistrate Judge.

This tax lien foreclosure action comes before the Court on the parties' cross-motions for summary judgment. Based on the Court's review of the briefs and other materials of record,

### RECOMMENDATION

IT IS RECOMMENDED that the United States' Motion for Summary Judgment be **GRANTED,** and the Burtsfields' Motion for Summary Judgment be **DENIED.**

NOW, THEREFORE, IT IS ORDERED that the Clerk shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to these findings must be filed with the Clerk of Court and copies served on opposing counsel within ten (10) days after receipt hereof, or objection is waived.

DONE and DATED this 11th day of March, 2008.

### RATIONALE

#### I. Background

The parties do not dispute the following material facts. Ralph and Peggy Burtsfield ("Burtsfields" or, individually, "Mr. Burtsfield" and "Mrs. Burtsfield") are the owners of real property in Flathead County, Montana, commonly known as 245 Swan Retreat Road, Bigfork, Montana 59911 ("Bigfork property"). Order ¶¶ 1,4 (Nov. 7, 2007). Mr. Burtsfield is indebted to the United States for federal income tax assessments against him in the amount of $377,520.21.[1] Order ¶ 2. The United

and 6621, as set forth by 28 U.S.C. § 1961(c)(1), which continue to accrue until paid in full. Order ¶ 2 (Nov. 7, 2007).

States has valid federal tax liens against Mr. Burtsfield, and those liens attach to all property and rights to property held by Mr. Burtsfield, including the Bigfork property.[2] Order ¶ 3.

The federal tax liens on which the United States seeks to foreclose are exclusively the liability of Mr. Burtsfield. The United States named Mrs. Burtsfield as a defendant pursuant to 26 U.S.C. § 7403(b) because she has claimed an interest in the Bigfork property. Order ¶ 5.

The sole issue remaining in this litigation is whether the United States is entitled to foreclose its federal tax liens against the Bigfork property, in light of Mrs. Burtsfield's interest.[3] Order ¶ 6. The parties have filed cross-motions for summary judgment on the United States' foreclosure claim as set forth in Counts 2, 3, and 4 of the Complaint.

## II. Summary Judgment Standards

A party moving for summary judgment bears the burden of demonstrating "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A movant may satisfy that burden where the documentary evidence produced by the parties permits only one conclusion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477

U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Where the moving party has met its initial burden with a properly supported motion, the party opposing the motion "may not rest upon the mere allegations or denials of his pleading, but ... must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, at 248, 106 S.Ct. 2505

## III. Discussion

At issue on the parties' cross-motions for summary judgment is whether the United States is entitled to foreclose its federal tax liens against the Bigfork property in light of Mrs. Burtsfield's ownership interest. The United States argues that Section 7403 of the Internal Revenue Code, 26 U.S.C. § 7403, authorizes the Court to order a foreclosure sale of the entire property, despite Mrs. Burtsfield's ownership interest, and asks that the Court enter an order accordingly. The Burtsfields do not dispute that Section 7403 gives the Court authority to order such a forced sale, but argue that the Court should decline to do so under the present circumstances.

### A. Application of Section 7403

Commencing a civil action pursuant to Section 7403 of the Internal Revenue Code "is one method in a formidable arsenal of collection tools available to the government to collect taxes." *United States v. Gibson*, 817 F.2d 1406, 1407 (9th Cir.1987). Section 7403 allows the government to enforce a federal tax lien through a forced sale of property in which the tax debtor has any interest. To that end, Section 7403 provides, in part, as follows:

---

2. To the extent the Eastmont Trust holds title to the Bigfork property, it does so only as a nominee or alter ego of Mr. Burtsfield. Order ¶ 4.

3. The Burtsfields previously stipulated to entry of judgment on the United States' first claim for relief, in which it sought to reduce the federal tax assessments to judgment.

In any case where there has been a refusal or neglect to pay any tax, or discharge any liability in respect thereof, whether or not levy has been made, the Attorney General or his delegate, at the request of the Secretary, may direct a civil action to be filed in a district court of the United States to enforce the lien of the United States under this title with respect to such tax or liability or to subject any property, of whatever nature, of the delinquent or in which he has any right, title, or interest, to the payment of such tax or liability.

26 U.S.C. § 7403(a).

Where, as here, all persons "having liens upon or claiming any interest in the property involved" have been named as defendants, the Court may "proceed to adjudicate all matters involved therein and finally determine the merits of all claims to and liens upon the property...." 26 U.S.C. § 7403(b)(c). In addition, "in all cases where a claim or interest of the United States therein is established," the Court "may decree a sale of such property, by the proper officer of the court, and a distribution of the proceeds of such sale according to the findings of the court in respect to the interests of the parties and of the United States." 26 U.S.C. § 7403(c).

In the seminal case of *United States v. Rodgers*, 461 U.S. 677, 693–94, 103 S.Ct. 2132, 76 L.Ed.2d 236 (1983), the United States Supreme Court interpreted Section 7403 as authorizing the forced sale of property even where an innocent third-party has an ownership interest in that property. The *Rodgers* court read Section 7403 as contemplating "not merely the sale of the delinquent taxpayer's own interest, but the sale of the entire property (as long as the United States has any 'claim or interest' in it), and the recognition of third-party interests through the mechanism of judicial valuation and distribution." *Rodgers*, 461 U.S. at 693–94, 103 S.Ct. 2132.

 While Section 7403 thus authorizes the sale of property regardless of an innocent third-party's interest, courts do retain "a degree of equitable discretion in § 7403 proceedings" to prevent such a foreclosure sale. *Rodgers*, 461 U.S. at 708, 103 S.Ct. 2132. That discretion is not unbridled, however, and is to "be exercised rigorously and sparingly, keeping in mind the Government's paramount interest in prompt and certain collection of delinquent taxes." *Rodgers*, 461 U.S. at 711, 103 S.Ct. 2132. In keeping with this notion, courts are to consider the following factors in deciding whether to exercise their limited discretion to prevent a foreclosure sale: (1) the extent to the which the United States would be prejudiced by a partial sale; (2) whether the third-party has a legally recognized expectation that the property would not be subject to forced sale; (3) the likely prejudice to the third party, both in personal dislocation costs and potential undercompensation; and (4) the relative character and value of the property interests held by the debtor and the third-party. *Rodgers*, 461 U.S. at 710–11, 103 S.Ct. 2132. As *Rodgers* directs, this Court will consider each of these factors in turn.

### 1. Prejudice to the United States

With respect to the first factor, the United States will undoubtedly be prejudiced if it is only allowed to foreclose on Mr. Burtsfield's interest in the Bigfork property. The Burtsfields have presented no evidence or argument to the contrary, and in fact concede that the United States would "not be able to collect as much by selling a one-half interest in the Burtsfields' home as it would by selling the entire property." Defs. Br. in Support 10 (Feb. 6, 2008). This factor thus weighs in

favor of authorizing the foreclosure sale sought by the United States.

### 2. Third party expectations

The second *Rodgers* factor requires that this Court consider Mrs. Burtsfield's expectation that the Bigfork property would be protected from a foreclosure sale. According to Mrs. Burtsfield, she has a legally recognized expectation that her separate interest in the Bigfork property would not be subject to a forced sale pursuant to Montana state homestead law. The record indicates that the Burtsfields filed a Declaration of Homestead with the Clerk and Recorder of Flathead County, Montana, in March 2007. Defs.' State. Undisputed Facts, ¶ 4. Citing the principle that state homestead laws are to be liberally construed for purposes of maintaining and protecting the family, Mrs. Burtsfield argues that her interest in the homestead property is separate from her husband's and should not be subject to forced sale.

The United States agrees that "Mrs. Burtsfield may have an interest in the subject property separate from that of Mr. Burtsfield pursuant Montana state homesetead law," but takes the position that "this alone will not render the subject property immune from sale." Pl.'s Br. in Support, 10. The United States is correct.

The *Rodgers* court considered this very issue, and resolved it in the government's favor. *Rodgers,* 461 U.S. at 702, 103 S.Ct. 2132. In doing so, that court specifically concluded that "[w]hatever property rights attach to a homestead under [state] law are adequately discharged by the payment of compensation, and no further deference

to state law is required, either by § 7403 or by the Constitution."[4] *Rodgers,* 461 U.S. at 702, 103 S.Ct. 2132. Because the United States Supreme Court has spoken directly to this issue, Mrs. Burtsfield's argument that this Court should decline to authorize a forced sale of the Bigfork property out of deference to her homestead rights necessarily fails. The second *Rodgers* factor thus weighs in the government's favor.

### 3. Prejudice to third party

As *Rodgers* directs, this Court must also consider the extent to which authorizing a forced sale of the residence Mrs.

■ That Mrs. Burtsfield will be prejudiced to some extent by the forced sale of her residence is not in dispute. A certain degree of prejudice is undoubtedly present in every case where the Court authorizes the forced sale of property in which a non-liable third party has an ownership interest. The proper inquiry, then, is whether Mrs. Burtsfield's personal dislocations costs would be "greater than in any other foreclosure action against a residence," and whether there "might be the potential for undercompensation for the property interest." *United States. v. Bierbrauer,* 936 F.2d 373, 375–76 (8th Cir.1991). As the Eighth Circuit stated in *Bierbrauer,* were "the inherent indignity and inequity of being removed from one's home" alone sufficient to "tip the scales" in favor of the non-liable third party, then "the government could never foreclose against a jointly owned residence—a result clearly untenable under § 7403." *Bierbrauer,* 936 F.2d at 376.

---

**4.** Because the *Rodgers* decision is unequivocal on this point, Mrs. Burtsfield's argument to the contrary based on caselaw predating that decision is unavailing. Defs.' Br. in Support, 6–7. Burtsfield shares with her husband will cause her prejudice, both in terms of personal disclocation costs and potential undercom-

pensation. While the potential for prejudice to Mrs. Burtsfield is a relevant consideration, the Ninth Circuit has indicated that it would be an abuse of discretion to block a forced sale on that basis alone. *Gibson,* 817 F.2d 1406.

There is nothing in the record suggesting that Mrs. Burtsfield's personal dislocation costs will be greater than those incurred in any other such foreclosure action, or that she will be undercompensated for her interest.

■ Whether the prejudice inuring to a non-liable third party outweighs the government's interest in collecting the delinquent taxes due also depends, in part, on the third party's personal characteristics and circumstances. *See United States v. Sanders*, 2005 WL 4677953, * 2006–5536 (D.Mont.). Such considerations include the how long the third party has lived on the property, the third party's income potential, educational background, ability to purchase another residence, employment, assets, and others living on the property. *Sanders*, 2005 WL 4677953, * 2006–5536; *United States v. Sellner*, 1990 WL 132710 (D.Mont.); *United States v. Johnson*, 943 F.Supp. 1331 (D.Kan.1996).

Mrs. Burtsfield argues that she will be significantly prejudiced by the sale of the Bigfork home because she is 63 years old, has only a high school education, and has been unemployed since October 2006. Defs.' State. Undisputed Facts, ¶ 5. She maintains that she will be unable to purchase another home with her portion of the proceeds from a sale, and argues that the Court should thus decline to authorize a foreclosure sale.[5]

While Mrs. Burtsfield may not be able to purchase a new home, she will have adequate funds to secure suitable housing in the Bigfork area. In addition, unlike the third party in *Johnson*, who had lived at the subject property for 38 years, Mrs. Burtsfield has lived on the Bigfork property for just nine years. *Johnson*, 943 F.Supp. at 1335. And unlike the third party facing foreclosure in *Sellner*, Mrs. Burtsfield does not have any dependent children who would be displaced by a forced sale. *Sellner*, 1990 WL 132710 at * 7 (finding it significant that three minor children lived on the property, including one with a severe mental handicap). Mrs. Burtsfield's nine children are all adults, and she does not support any of them financially. Pl.'s State. Undisputed Facts, ¶¶ 6–7. Mrs. Burtsfield and her husband are the only two individuals residing on the Bigfork property.

Taking all of these considerations into account, the Court is satisfied that the prejudice Mrs. Burtsfield will suffer as a result of the forced sale of her home does not outweigh the government's overriding interest in collecting the taxes left unpaid by her husband of more than twenty years.

### 4. Comparative interests

Finally, *Rodgers* requires that the Court evaluate the comparative property interests held by the Burtsfields. As the *Rodgers* court explained, there "might well be virtually no reason to allow the sale to proceed" if, for example, the third party has a possessory or fee interest that "is worth 99% of the value of the property." *Rodgers*, 461 U.S. at 711, 103 S.Ct. 2132.

This is not a case where the non-liable third party's ownership interest is significantly greater than that held by the delinquent taxpayer. To the contrary, the Burtsfields each own an undivided one-half interest in the Bigfork property. Because the Burtsfields' ownership interests are equivalent, the government stands to recover a significant portion of the delinquent taxes due from Mr. Burtsfield upon the sale of the property. Because the

---

5. It is undisputed that as of September 20, 2007, the appraised value of the Bigfork property was $105,000.00. United States' State. of Undisputed Facts ¶ 15 (Feb. 6, 2008); Defs.' Reply Br., 13 n. 3 (Feb. 15, 2008). This provides a reasonable indication of what the sales proceeds will be.

Burtsfields' comparative property interests are equivalent, this factor does not compel the Court to exercise its limited discretion to prevent a forced sale.

■ In sum, all of the *Rodgers* factors suggest it would be inappropriate for the Court to exercise its limited discretion to refuse to authorize a foreclosure sale of the Bigfork property pursuant to Section 7403. For these reasons, the United States' motion for summary judgment should be granted, and the Burtsfields' cross-motion should be denied.

### B. Distribution of Proceeds

Assuming, as the Court has decided, that a forced sale should be authorized, the Burtsfields take issue with the proposed decree of judicial sale submitted by the United States. Specifically, Mrs. Burtsfield maintains that the proposed decree fails to account for her "separate interest in the property and fails to provide for payment of the value of that interest to her from the proceeds of the sale." Defs.' Reply, 9 (Feb. 15, 2008). She challenges the order of distribution set forth in the proposed decree, and also contends that it is not sufficient to divide the sale proceeds equally between her and the government, because doing so will not sufficiently account for the value of her homestead interest.

#### 1. *Order of distribution*

■ It is well-established that the United States' tax lien "cannot extend beyond the property interests held by the delinquent taxpayer." *Rodgers,* 461 U.S. at 690–91, 103 S.Ct. 2132. *See also United States v. Overman,* 424 F.2d 1142, 1146 (9th Cir. 1970). The Court is to account for Mrs. Burtsfield's third-party interest in the property "through the mechanism of judicial valuation and distribution." *Rodgers,* 461 U.S. at 694, 103 S.Ct. 2132.

Mrs. Burtsfield challenges the proposed order of judicial sale submitted by the government because it fails to account for her separate interest in the property and "fails to provide for payment of the value of that interest to her from the proceeds of the sale." Defs.' Reply, 9 (Feb. 15, 2008); Pl.'s Mot. for S.J., Ex. 1 (Feb. 6, 2008). As Mrs. Burtsfield notes, the government's proposed order provides for distribution of the proceeds first to the United States Marshal to cover the expenses of the sale, second to payment of accrued real property taxes, third to payment of Mr. Burtsfield's tax liability, and finally to the Clerk of the District Court pending further order. Pl.'s Mot. for S.J. Ex. 1. Mrs. Burtsfield does not challenge that portion of the proposed order providing for initial distribution of the sales proceeds to the United States Marshal and to accrued real property taxes, but maintains the order should specifically provide that she receive sufficient funds to compensate her for her ownership interest in the property.

The United States does not dispute that Mrs. Burtsfield is entitled to compensation for her interest in the property, and concedes that it mistakenly failed to include a provision to that effect in the proposed order of judicial sale.

Assuming the presiding judge authorizes the foreclosure sale of the Bigfork property pursuant to Section 7403 as recommended, the Court will order the parties to confer for purposes of reaching a stipulation as to the terms of an Order of Judicial Sale, including the distribution of sale proceeds so as to compensate Mrs. Burtsfield for her ownership interest.

#### 2. *Homestead interest*

Mrs. Burtsfield challenges not only the priority with which the sales proceeds should be distributed, but also challenges the percentage to which she is entitled.

While the parties agree that the Burtsfields each own an undivided one-half interest in the property, Mrs. Burtsfield takes the position that it is not sufficient to divide the sale proceeds equally because doing so will not sufficiently account for the value of her homestead interest.

 As contemplated in *Rodgers,* the court should take into account the homestead interest of the non-debtor spouse when ordering the distribution of proceeds under Section 7403. *Rodgers,* 461 U.S. at 698, 103 S.Ct. 2132. In doing so, it is appropriate to begin with the premise that a homestead estate is the economic equivalent of a life estate. *Rodgers,* 461 U.S. at 698, 103 S.Ct. 2132. When the United States' lien attached, the Burtsfields thus "owned a joint homestead interest in the residence, which is the economic equivalent of a joint life estate." *Harris v. United States,* 764 F.2d 1126, 1131 (5th Cir. 1985). Where, as here, both spouses are still living, the Court is to determine the actuarial value of the non-debtor spouse's homestead estate by reference to joint-life actuarial tables. *Harris,* 764 F.2d at 1131; *Pletz v. United States,* 221 F.3d 1114, 1117 (9th Cir.2000).

The record in this case indicates that Mr. Burtsfield is 67 years old, and Mrs. Burtsfield is 63. The Social Security Administration's period life table [6] shows that a 67 year old male has a life expectancy of 14.95 years, and a 63 year old female has a life expectancy of 20.78 years. Mrs. Burtsfield's share of their combined life expectancy values is 20.78 years divided by 35.73 years, or 58.158% of the total. The United States does not challenge this method of calculating Mrs. Burtsfield's interest in the property. The order of judicial sale should thus provide that Mrs. Burtsfield receive 58.158% of the sales proceeds that remain after distribution of expenses to the United States Marshals and payment of property taxes.

---

6. Found at www.ssa.gov/OACT/STATS/table4c 6.html